■ GEORGE N. FISHER et al., Respondents, v BIG V. SUPERMARKETS, INC., Doing Business as SHOPRITE, Appellant. [633 NYS2d 823] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Orange County (Sherwood, J.), dated July 8, 1994, which, after a jury trial, is in favor of the plaintiffs George N. Fisher and Judith Fisher and against it in the principal sums of $90,258.21 and $10,000, respectively.

Ordered that the judgment is affirmed, with costs.

On November 22, 1991, shortly after 4:00 P.M., the plaintiff George N. Fisher (hereinafter Mr. Fisher) was grocery shopping with his wife at the local Shoprite supermarket, which was owned and operated by the defendant. While walking along the snack aisle, Mr. Fisher slipped and fell, allegedly on some broken potato chips and pretzels and a wet paper towel that were lying on the floor.

The defendant contends that the plaintiffs did not establish a prima facie case against it for negligence, and therefore its motion for judgment as a matter of law at the close of the evidence should have been granted. The defendant also contends that the jury was improperly instructed as to the definition of constructive notice. We disagree.

The plaintiffs presented evidence, both in the form of testimony and the store's floor sweeping log, from which the jury could reasonably conclude that the floors had last been swept at 8:30 that morning. Viewing the evidence in the light most favorable to the plaintiffs and according the plaintiffs the benefit of every reasonable inference, it cannot be said as a matter of law that the plaintiffs did not meet their burden of showing that the store had constructive notice of the hazardous condition *(see, Negri v Stop & Shop,* 65 NY2d 625). The trial court, therefore, properly allowed the case to proceed to the jury.

We are satisfied that the court properly instructed the jury as to the definition of constructive notice *(see, Gordon v Ameri-*

*can Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop, supra).* O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.