[639 NYS2d 544]

Douglas D. Layaw, Appellant, v Maguire Ford Lincoln-Mercury, Inc., Respondent, et al., Defendant.

Third Department, March 21, 1996

### APPEARANCES OF COUNSEL

*Thaler & Thaler,* Ithaca *(Guy K. Krogh* of counsel), for appellant.

*Levene, Gouldin & Thompson, L. L. P.,* Binghamton *(John J. Pollock* of counsel), for respondent.

### OPINION OF THE COURT

SPAIN, J.

On September 11, 1993, plaintiff executed a rental agreement with defendant Maguire Ford Lincoln-Mercury, Inc. (hereinafter Maguire) for the use of a passenger van. On September 13, 1993, the van was being operated by defendant Patrick P. Pascucci, who was not authorized by the agreement to drive the van, when it veered off the highway, struck a guardrail and overturned. As a result of the accident, plaintiff was thrown from the vehicle and suffered severe injuries. In December 1993, plaintiff commenced this personal injury action against Pascucci and Maguire.

Maguire filed cross claims against Pascucci and also filed two counterclaims against plaintiff alleging that (1) plaintiff breached the rental agreement with Maguire and, as a result of this breach, Maguire sustained property damage to its vehicle in the amount of $30,000, and (2) due to plaintiff's breach of the rental agreement, Maguire is entitled to indemnification

from plaintiff for all loss, liability, costs and expenses arising from the accident. Maguire subsequently withdrew its first counterclaim, which alleged loss or damage to the rental vehicle.

During the course of extensive motion practice, plaintiff cross-moved for summary judgment seeking dismissal of the first and second counterclaims as set forth in Maguire's answer upon the grounds that, *inter alia*, any recovery by Maguire, based on the indemnification provision of the rental agreement, would violate the antisubrogation rule and/or that the indemnification clause of the agreement was violative of General Business Law § 396-z. Supreme Court, *inter alia*, denied plaintiff's cross motion seeking dismissal of Maguire's counterclaims on the grounds that (1) General Business Law § 396-z only applies to property damage and, thus, ceased being relevant in this action when Maguire withdrew its first counterclaim, and (2) the indemnity clause remains valid for any loss in excess of the limit of the insurance policy in the rental agreement. Plaintiff appeals.

In our view the antisubrogation rule does not apply to the facts in this case. The indemnification clause contained in the rental agreement states, in pertinent part: "6. Indemnity * * * Customer shall indemnify and hold [Maguire] and Ford Motor Company harmless for all loss, liability and expense in excess of the limits of liability provided for herein as a result of bodily injury, death, or property damage arising out of the use or operation of vehicle." It is well settled that the doctrine of subrogation "entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from [the party] whose wrongdoing has caused [the] loss for which the insurer is bound to reimburse" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294; *see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471). "An insurer, however, has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co., supra*, at 294). The importance of preventing both a potential conflict of interest that may affect the insurer's defense of the insured and the risk that the insurer may attempt to pass the incidence of the loss to its own insured are the well-recognized public policy considerations underlying the antisubrogation rule (*see, supra*, at 294-295; *Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra*, at 471).

In the case at bar, it is undisputed that plaintiff is an insured under the same liability policy as Maguire. However, unlike

the facts in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (*supra*), the indemnification clause contained in the rental agreement in question limits indemnification by plaintiff to damages in excess of the limits of liability provided for in the liability insurance purchased by Maguire. Here, there is no inherent risk that the insurer will be able to pass the incidence of loss from itself to its own insured by recouping the insurance proceeds from its insured because the indemnification by plaintiff does not accrue until the coverage under the policy has been exhausted (*cf., North Star Reins. Corp. v Continental Ins. Co., supra,* at 295; *Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 471). Moreover, since the insurer's interests are clearly not affected by the indemnification agreement, the potential conflict of interest between the insurer and insured does not exist in the indemnification agreement in the instant case. Thus, the public policy considerations which called for the application of the antisubrogation rule in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (*supra*) and in *North Star Reins. Corp. v Continental Ins. Co.* (*supra*) are not present in this case and Supreme Court properly denied plaintiff's cross motion seeking dismissal of the second counterclaim.

■ Plaintiff's contention that the rental agreement is void because it does not comply with General Business Law § 396-z is also without merit. Even though the indemnity clause in the rental agreement does not comply with the requirements of General Business Law § 396-z, that statute does not apply to this action because Maguire's first counterclaim, involving property damage to the rental vehicle, was withdrawn and because none of the other claims involve damage to the rental vehicle or any other property.

CARDONA, P. J., CASEY, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.