■■■ MARK B. PIERCE et al., Plaintiffs, v SYRACUSE UNIVERSITY, Defendant and Third-Party Plaintiff-Appellant. JOSALL SYRACUSE, INC., Third-Party Defendant-Respondent. [653 NYS2d 753] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Mark B. Pierce (plaintiff) when he fell from a ladder while repairing a roof on the

campus of defendant, Syracuse University (SU). SU commenced a third-party action seeking contribution and indemnification from plaintiff's employer, Josall Syracuse, Inc. (Josall). Under its contract with SU, Josall agreed to indemnify SU against claims for injuries arising out of the work and to obtain liability insurance coverage naming SU as an additional insured. Josall obtained such coverage through a policy issued by Reliance Insurance Company (Reliance).

Supreme Court granted Josall's cross motion to dismiss the third-party complaint as barred by the antisubrogation rule (*see, Hailey v New York State Elec. & Gas Corp.*, 214 AD2d 986). SU contends that the application of the antisubrogation rule does not bar its right to contribution or indemnification from Josall for amounts in excess of the Reliance policy limits. We agree. The third-party complaint should have been dismissed only to the extent that it seeks recovery against Josall for the amount covered by the Reliance policy (*see, Valentin v City of New York*, 187 AD2d 343, 345, *affd* 82 NY2d 281; *Goffredo v Bay St. Landing Assocs.*, 179 AD2d 799, 801; *see also, Laylaw v Maguire Ford-Lincoln-Mercury*, 219 AD2d 73). We modify the order, therefore, by denying in part Josall's cross motion and reinstating the third-party complaint insofar as it seeks contribution and indemnification from Josall for amounts in excess of the Reliance policy limits.

We have considered the other contentions raised by SU and conclude that they are without merit (*see, Hailey v New York State Elec. & Gas Corp., supra*). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.