■ KURTIS K. KVANDAL et al., Respondents, v WESTMINSTER PRESBYTERIAN SOCIETY OF BUFFALO, INC., Appellant and Third-Party Plaintiff-Respondent-Appellant. LEHIGH CONSTRUCTION GROUP, INC., Third-Party Defendant-Appellant-Respondent. [660 NYS2d 774] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted that part of the cross motion of third-party defendant, Lehigh Construction Group, Inc. (Lehigh), for summary judgment dismissing the Labor Law § 240 (1) cause of action. Kurtis K. Kvandal (plaintiff), an employee of Lehigh, was injured while installing drywall at a construction project owned by defendant, Westminster Presbyterian Society of Buffalo, Inc. (Westminster). Plaintiff stepped off the last rung of a ladder and onto a nail that had been left on the floor. Because plaintiff's injuries arose from the usual and ordinary dangers of a construction site rather than the extraordinary elevation-related risk envisioned by Labor Law § 240 (1), we modify the order by dismissing that cause of action (see, *White v Farash Corp.,* 224 AD2d 978; *Malecki v Wal-Mart Stores,* 222 AD2d 1010; see also, *Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, *rearg denied* 87 NY2d 969; *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561).

The court also should have granted in part that part of Lehigh's cross motion to dismiss the third-party complaint as

barred by the antisubrogation rule. The record establishes that the construction contract between Westminster and Lehigh contained a standard indemnification clause in favor of Westminster. The contract required that Lehigh obtain liability insurance coverage naming Westminster as an additional insured. Lehigh obtained such coverage through a policy issued by Maryland Casualty Company (Maryland). Because Maryland, in commencing the third-party action on behalf of Westminster, sought to be subrogated to Westminster's claim against Lehigh, the third-party complaint is barred by the antisubrogation rule up to the amount of the Maryland policy limits (*see, Hailey v New York State Elec. & Gas Corp.*, 214 AD2d 986). Because the third-party complaint seeks an amount in excess of the policy limits, it should be dismissed only insofar as it requests contribution and indemnification from Lehigh for the amount covered by the Maryland policy (*see, Pierce v Syracuse Univ.*, 236 AD2d 870). Consequently, we further modify the order by dismissing the third-party complaint insofar as it seeks contribution and indemnification up to the amount of the Maryland policy limits.

We further conclude that the court properly denied the motion of Westminster for summary judgment on its third-party complaint based on common-law and contractual indemnification. No determination has yet been made whether Westminster is liable to plaintiffs or whether plaintiffs' damages are in excess of the Maryland policy limits. (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.