■ GAIL DeCURTIS, Respondent, v T. H. ASSOCIATES et al., Defendants, and SNOW, INC., Appellant. [661 NYS2d 642] —In a negligence action to recover damages for personal injuries, the defendant Snow, Inc. appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 6, 1996, which denied its motion for summary judgment dismissing the complaint and the cross claims insofar as asserted against it.

Ordered that the order is modified by deleting therefrom the

provision which denied that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant, and the action against the remaining defendants is severed.

The appellant was entitled to summary judgment dismissing the complaint insofar as asserted against it. Although the appellant removed snow from the same parking lot in which the plaintiff fell five days before the plaintiff's accident, there is no evidence that an icy condition existed at the time the appellant removed snow from the parking lot or, even if there was, that the appellant was notified of it. In addition, there was no evidence concerning the origin of the ice upon which the plaintiff allegedly slipped *(see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Bertman v Board of Mgrs.,* 233 AD2d 283; *Denton v Klein Middle School,* 234 AD2d 257).

Moreover, the appellant assumed no duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its contractual duty to remove snow from the subject premises *(see, Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 826; *Bourk v National Cleaning,* 174 AD2d 827). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.