■ Azar Keshavarz et al., Appellants, v Michael Murphy, Respondent, and Young Men's Christian Association of Greater New York, Inc., Appellant. [662 NYS2d 795] —In a consolidated action to recover damages for personal injuries, etc., (1) the defendant Young Men's Christian Association of Greater New York, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), entered August 6, 1996, as granted that branch of the motion of the defendant Michael Murphy which was for summary judgment dismissing the cross claims insofar as they are asserted against him, and (2) the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Michael Murphy which was for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court correctly concluded that the defendant Michael Murphy did not assume a duty of reasonable care to the injured plaintiff by virtue of his snow removal contract with the defendant Young Men's Christian Association of Greater New York, Inc. (hereinafter the YMCA) (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *DeCurtis v T.H. Assocs.,* 241 AD2d 536; *Autrino v Hausrath's*

*Landscape Maintenance,* 231 AD2d 943; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825). Murphy's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation which the parties could reasonably expect to displace the YMCA's duty as a landowner to maintain the property safely (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 588; *Autrino v Hausrath's Landscape Maintenance, supra; Phillips v Young Men's Christian Assn., supra; Downes v Equitable Life Assur. Socy.,* 209 AD2d 769). Further, the injured plaintiff has failed to produce any evidence of her detrimental reliance on Murphy's performance of his snow removal obligation "or that [Murphy's] actions had otherwise 'advanced to such a point as to have launched a force or instrument of harm'" (*Bourk v National Cleaning,* 174 AD2d 827, 828, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168; *see, Autrino v Hausrath's Landscape Maintenance, supra; Phillips v Young Men's Christian Assn., supra*). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against Murphy.

The Supreme Court also properly granted summary judgment dismissing the YMCA's cross claims against Murphy. As to the cross claim for contribution, the YMCA failed to show that Murphy owed it a duty of reasonable care independent of his contractual obligations or that a duty was owed to the injured plaintiff and that a breach of that duty contributed to her alleged injuries (*see, Phillips v Young Men's Christian Assn., supra*).

With respect to the cross claims for indemnification, there is no evidence of any contractual obligation to indemnify. The YMCA has failed to establish a viable claim for common-law indemnification since its liability to the injured plaintiff, if any, would be based on its actual wrongdoing in failing to properly maintain its property, not on its vicarious liability for Murphy's conduct (*see, County of Westchester v Becket Assocs.,* 102 AD2d 34, 47, *affd* 66 NY2d 642). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.