■ SUSAN MIRANTI et al., Respondents, v BRIGHTWATERS RACQUET & SPA, INC., Doing Business as ARMITRAJ RACQUET &

HEALTH SPA, Respondent, and LOUIS ROMANZI, JR., Appellant. [666 NYS2d 946] —In an action to recover damages for personal injuries, etc., the defendant Louis Romanzi appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered March 14, 1997, which denied his motion for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and the cross-claim are dismissed insofar as asserted against the defendant Louis Romanzi, and the action against the remaining defendant is severed.

The appellant did not assume a duty of reasonable care to the injured plaintiff by virtue of his snow-removal contract with the defendant Brightwaters Racquet & Spa, Inc., d/b/a Armitraj Racquet & Health Spa (hereinafter Brightwaters) (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). The appellant's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace Brightwaters' duty as a landowner to maintain the property safely (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 588; *Keshavarz v Murphy,* 242 AD2d 680). Further, the injured plaintiff failed to produce evidence of detrimental reliance on the appellant's performance of his snow-removal obligation, or that his actions had otherwise " 'advanced to such a point as to have launched a force or instrument for harm' " (*Bourk v National Cleaning,* 174 AD2d 827, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168).

Brightwaters' cross claim, whether viewed as one for contribution or indemnification, should also have been dismissed. With regard to contribution, Brightwaters failed to show that the appellant owed it a duty of reasonable care independent of his contractual obligations, or that a duty was owed to the injured plaintiff and that a breach of that duty contributed to her alleged injuries (*see, Keshavarz v Murphy, supra*). There is no evidence of any contractual obligation to indemnify, and Brightwaters failed to establish a viable claim for common-law indemnification (*see, Keshavarz v Murphy, supra*). Mangano, P. J., Copertino, Joy and Florio, JJ., concur.