■ DOLORES COYLE, Respondent-Appellant, v LONG ISLAND SAVINGS BANK, Appellant-Respondent, and DECAN LANDSCAPING, CO., INC., Respondent-Appellant. [669 NYS2d 628] —In a negligence action to recover damages for personal injuries, (1) the defendant Long Island Savings Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated January 21, 1997, as denied its motion for summary judgment dismissing the complaint and the cross claim of the defendant DeCan Landscaping Co., Inc., (2) the defendant DeCan Landscaping Co., Inc., separately appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cross claim of the defendant Long Island Savings Bank, and (3) the plaintiff Dolores Coyle cross appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant DeCan Landscaping Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the defendant Long Island Savings Bank which was to dismiss the cross claim of the defendant DeCan Landscaping Co., Inc., and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that factual issues exist as to whether the defendant Long Island Savings Bank (hereinafter the Bank), in the exercise of reasonable care, should have known that an icy condition existed on its parking lot area and whether reasonable care was exercised in its maintenance of the premises (*see, DeStefano v Gutterman-Warheit Realty Corp.,* 237 AD2d 245; *Colgan v Newsday, Inc.,* 233 AD2d 360; *Fisher v Big V. Supermarkets,* 221 AD2d 499; *cf., Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Grillo v New York City Tr. Auth.,* 214 AD2d 648).

Moreover, although the defendant DeCan Landscaping Co., Inc. (hereinafter DeCan), "assumed no duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its contractual duty to remove snow from the subject premises" (*DeCurtis v T. H. Assocs.,* 241 AD2d 536, 537; *see also, Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825,

826), if the plaintiff is successful against the Bank for negligent failure to maintain the parking lot, DeCan may be required to indemnify the Bank (*see, Phillips v Young Men's Christian Assn., supra,* at 827). Accordingly, the Supreme Court did not err in granting that branch of DeCan's motion which was for summary judgment dismissing the complaint, while denying that branch of the motion which was to dismiss the Bank's cross claim for indemnification. However, in light of the court's determination to dismiss the complaint insofar as asserted against DeCan it should also have dismissed DeCan's cross claim against the Bank for contribution. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.