[690 NYS2d 156]

Debra Salisbury et al., Plaintiffs, v Wal-Mart Stores, Inc., Respondent, and Jeannie Subik, Individually and Doing Business as Jade Enterprises, Appellant.

Third Department, May 6, 1999

**APPEARANCES OF COUNSEL**

*Catone & Brower,* Latham (*Paul J. Catone* of counsel), for appellant.

*O'Connor, O'Connor, Mayberger & First,* Albany (*Colleen D. Galligan* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Debra Salisbury when she slipped on a patch of ice and fell in the parking lot of a retail department store owned by defendant Wal-Mart Stores, Inc. The complaint asserts negligence causes of action against Wal-Mart, alleging that it negligently and carelessly maintained its premises such that a dangerous and defective condition was caused or allowed to exist, and against defendant Jeannie Subik, doing business as Jade Enterprises, who had contracted with Wal-Mart to keep the parking lot clear of snow. In its answer, Wal-Mart interposed a cross claim against Subik for contribution or indemnity.[1] Subik successfully moved for summary judgment dismissing the complaint against it and now appeals from so much of Supreme Court's order as denied its motion for summary judgment dismissing the cross claim. As limited by the parties' briefs and Wal-Mart's concession that its contribution claim "cannot be maintained", the sole issue for our consideration is whether Supreme Court erred in refusing to dismiss Wal-Mart's cross claim predicated upon the doctrine of implied indemnity.

Our research indicates that, in actions against an owner or occupier of land arising out of the condition of the property and predicated upon a third party's failure to perform under a maintenance contract, varying circumstances giving rise to the third party's direct and indirect liability for the plaintiff's injuries will generally place the case within one of three progressive categories. At the highest level is the rare case where the third party has entered into so comprehensive and exclusive a maintenance agreement as to entirely displace the landowner's duty and impose an independent duty of care on the part of the third party in favor of the plaintiff (*see, e.g., Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). In dismissing the main action against Subik, Supreme Court determined that no such duty existed in this case, a determination that is not challenged on appeal.

---

1. Wal-Mart subsequently amended its answer to assert a second cross claim based upon Subik's breach of the snow removal contract. We have no occasion to consider the merit of that cross claim or whether it is properly interposed.

In the intermediate level (easily the most uncertain and imprecise of the three), the delegation of authority to the third party, while insufficient to provide a basis for independent tort liability, is comprehensive enough to relieve the owner of any meaningful responsibility or control. In such a case, any liability on the part of the owner will be vicarious or, at the very least, of such minimal gravity vis-à-vis the fault of the third party, that the owner "in fairness, ought not bear the loss" (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 690; *see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827; *see also, Rogers v Dorchester Assocs.*, 32 NY2d 553).

Notably, the owner of a retail store or other place of public assembly has a nondelegable duty to provide members of the public with reasonably safe premises, including a safe means of ingress and egress (*see, Thomassen v J & K Diner*, 152 AD2d 421, 424-425, *appeal dismissed* 76 NY2d 771; *see also, Sutera v Go Jokir*, 86 F3d 298, 308 [applying New York law]; *Parsons v City of New York*, 195 AD2d 282, 284), such as to impose purely vicarious liability upon it for a third party's negligent performance of a comprehensive maintenance contract (*see, Rogers v Dorchester Assocs., supra*, at 562-563). Thus, in *Phillips v Young Men's Christian Assn.* (*supra*, at 827), this Court found an adequate basis for vicarious liability and an implied indemnity claim in a case where the oral maintenance agreement required the third party to automatically perform snow removal operations upon an accumulation of one to two inches and to sand and salt the entry ramp where the plaintiff sustained his injuries without direction or approval from the owner (*id.*, at 825-826).

The lowest level of our legal gradation involves cases where the landowner has retained sufficient responsibility or control over the snow removal operation (*see, e.g., Pieri v Forest City Enters.*, 238 AD2d 911) that "its liability to the injured plaintiff, if any, would be based on its actual wrongdoing in failing to properly maintain its property, not on its vicarious liability for [the third party's] conduct" (*Keshavarz v Murphy*, 242 AD2d 680, 681; *see, Miranti v Brightwaters Racquet & Spa*, 246 AD2d 518). In those cases, the landowner's own negligence will bar its claim against the third party based on a theory of implied indemnity (*see, Margolin v New York Life Ins. Co.*, 32 NY2d 149, 152-153; *Miranti v Brightwaters Racquet & Spa, supra*; *Keshavarz v Murphy, supra*; *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 452-454).

Here, the contract between Wal-Mart and Subik expressly provided for Wal-Mart's retention of the right to direct Subik

to salt and sand the parking lot "as deemed necessary" and to remove snow "as requested".[2] In our view, in contrast to the agreement presented in *Phillips v Young Men's Christian Assn.* (*supra*), this reservation of authority provides an adequate basis for the imposition of primary tort liability against Wal-Mart for the condition of the property and defeats its implied indemnity claim as a matter of law (*see, Miranti v Brightwaters Racquet & Spa, supra; Keshavarz v Murphy, supra*). We therefore conclude that Supreme Court erred in refusing to dismiss the cross claim based on implied indemnity. As a final matter, we note that Wal-Mart could easily have shifted its liability to Subik by requiring the inclusion of an express indemnity provision in the snow removal contract.

MIKOLL, J. P., CREW III, YESAWICH JR. and GRAFFEO, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant Jeannie Subik, by reversing so much thereof as denied defendant Jeannie Subik's motion for summary judgment dismissing defendant Wal-Mart Stores, Inc.'s cross claims for contribution and indemnity; said motion granted and the cross claims are dismissed; and, as so modified, affirmed.

---

2. Although there is some dispute as to the terms of the actual agreement between Wal-Mart and Subik, there is no question that Wal-Mart retained at least the elements of control set forth herein.