■ ROGER D. MALCOLM, Respondent, v SUDESH KAPUR et al., Appellants and Third-Party Plaintiffs-Respondents. JABCO ENTERPRISES, Third-Party Defendant-Appellant. [718 NYS2d 562] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he slipped and fell on ice in the parking lot of an apartment building owned by defendants. Pursuant to a contract with defendants, third-party defendant, Jabco Enterprises (Jabco), was to snowplow the parking lot when the accumulation of snow reached one to two inches. Defendants retained the discretion, however, to determine when the parking lot would be salted or sanded and would have to request that additional service from Jabco. Defendants commenced a third-party action seeking contribution and indemnification from Jabco, alleging that Jabco had negligently performed under the snowplowing contract.

Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Defendants failed to meet their initial burden of proving that they lacked constructive notice of the dangerous condition (*see, Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs.*, 248 AD2d 1025; *see also, Perrone v Ilion Main St. Corp.*, 254 AD2d 784, 784-785). Defendants "failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before plaintiff's accident to permit [defendants] to discover and remedy it" (*Perrone v Ilion Main St. Corp., supra*, at 785; *see, Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs., supra*, at 1025-1026). The court also properly denied that part of Jabco's cross motion seeking dismissal of the claim for indemnification. Jabco failed to establish as a matter of law that it fulfilled its duties under the contract (*see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827; *see also, Valient v Rimland*, 253 AD2d 463; *Boskey v*

*Gazza Props.*, 248 AD2d 344, 346; *cf., Salisbury v Wal-Mart Stores*, 255 AD2d 95, 96).

We conclude, however, that the court erred in denying that part of Jabco's cross motion seeking dismissal of the claim for contribution (*see, Keshavarz v Murphy,* 242 AD2d 680, 680-681). "To sustain [their] claim for contribution, [defendants were] required to show that [Jabco] owed [them] a duty of reasonable care independent of its contractual obligations * * * or that a duty was owed plaintiff as an injured party and that a breach of this duty contributed to the alleged injuries" (*Phillips v Young Men's Christian Assn., supra*, at 827). Here, there was no independent duty to plaintiff because the contract was not "so comprehensive and exclusive a maintenance agreement as to entirely displace the landowner's duty and impose an independent duty of care on the part of the third party in favor of the plaintiff" (*Salisbury v Wal-Mart Stores, supra*, at 96; *see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588; *see also, Keshavarz v Murphy, supra,* at 681; *Pieri v Forest City Enters.*, 238 AD2d 911, 912). Further, Jabco established that it did not owe defendants a duty of reasonable care independent of its contractual obligations, and defendants failed to raise an issue of fact concerning such a duty. We therefore modify the order by granting in part Jabco's cross motion and dismissing the claim for contribution in the third-party complaint (*see, Keshavarz v Murphy, supra,* at 681). (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.