■ STEVEN COCHRANE et al., Respondents, v WARWICK ASSOCIATES, INC., Defendant, 220-230 WESTCHESTER AVENUE ASSOCIATES, Respondent, and MARK D. LEVY et al., Appellants. [723 NYS2d 506] —In an action to recover damages for personal injuries, etc., the defendants Mark D. Levy and Mark D. Levy Horticulture Services appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered January 13, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing (1) the complaint insofar as asserted against the appellants, and (2) the cross claim of the defendant 220-230 Westchester Avenue Associates for contribution, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Steven Cochrane allegedly suffered personal injuries when he slipped and fell on an ice-covered driveway on premises owned by defendant 220-230 Westchester Avenue Associates (hereinafter Westchester). Thereafter, he and his wife commenced the instant action, against, among others, the

defendant owner of the subject premises, Westchester, and the defendants Mark D. Levy and Mark D. Levy Horticultural Services (hereinafter collectively Levy Services), which had a contract to remove snow from the premises.

The Supreme Court improperly denied that branch of the motion of Levy Services which was for summary judgment dismissing the complaint insofar as asserted against it. The snow removal contract between Levy Services and Westchester was not a comprehensive maintenance obligation that the parties could reasonably have expected to displace the duty of Westchester to safely maintain the property. Thus, Levy Services did not assume a duty of reasonable care to the injured plaintiff by virtue of the snow removal contract, and the assertions that Levy Services created or exacerbated the condition do not provide a basis for liability (see, Pavlovich v Wade Assocs., 274 AD2d 382; Bugiada v Iko, 274 AD2d 368; Riekers v Gold Coast Plaza, 255 AD2d 373).

In addition, the Supreme Court improperly denied that branch of the motion of Levy Services which was for summary judgment dismissing Westchester's cross claim for contribution. Westchester failed to show that Levy Services owed it a duty of reasonable care independent of its contractual obligations or that a duty was owed to the injured plaintiff and that a breach of that duty contributed to his alleged injuries (see, Coyle v Long Is. Sav. Bank, 248 AD2d 350; Keshavarz v Murphy, 242 AD2d 680).

The Supreme Court properly denied that branch of the motion of Levy Services which was for summary judgment dismissing Westchester's cross claim for indemnification. Although not expressly provided for in the contract, the right to indemnification may be implied by law to prevent an unfair result or the unjust enrichment of one party at the expense of the other (see, Phillips v Young Men's Christian Assn., 215 AD2d 825). If the plaintiffs are successful against Westchester on their cause of action to recover damages for negligent failure to maintain the driveway, Levy Services may be required to indemnify Westchester, since there are questions of fact as to whether the ice which caused the injured plaintiff's accident was formed due to the failure of Levy Services to sand and/or salt the driveway (see, Salisbury v Wal-Mart Stores, 255 AD2d 95; Coyle v Long Is. Sav. Bank, supra; Phillips v Young Men's Christian Assn., supra).

The appellants' remaining contentions are without merit. Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.