■ SAMMIE KAMPHEFNER et al., Respondents-Appellants, v ALLSTATE SECURITY, INC., Respondent, and GALLIGAN CONSTRUCTION, Appellant. [725 NYS2d 389] —In an action to recover damages for personal injuries, etc., the defendant Galligan Construction appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), entered June 30, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the separate motion of the defendant Allstate Security, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant Galligan Construction for summary judgment is granted, and the complaint is dismissed insofar as asserted against that defendant; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant Galligan Construction is awarded one bill of costs payable by the plaintiffs.

The injured plaintiff slipped and fell on a patch of ice in the parking lot of Kolmar Laboratories (hereinafter Kolmar), where she was employed. She and her husband commenced this action against the defendants Galligan Construction and Allstate Security, Inc. (hereinafter Allstate Security), based on each defendant's respective agreement with Kolmar. Pursuant to a written contract, Allstate Security performed various security functions for Kolmar, including contacting Galligan Construction whenever snow or ice accumulated in the parking lot. The plaintiffs failed to establish, however, that Allstate Security assumed a duty to exercise reasonable care to prevent foreseeable harm by virtue of its contract with Kolmar (see, Pavlovich v Wade Assocs., 274 AD2d 382). A contracting party does not undertake a duty to third parties in the absence of a "comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace [the property owner's] duty, as a landowner, to maintain the property safely" (Riekers v Gold Coast Plaza, 255 AD2d 373, 374; see also, Sapone v Commercial Bldg. Maintenance Corp., 262 AD2d 393; Tarrazi v 2025 Richmond Ave. Assocs., 260 AD2d 468; Miranti v Brightwaters Racquet & Spa, 246 AD2d 518; Keshavarz v Murphy, 242 AD2d 680).

Galligan Construction did not owe a duty to the injured plaintiff (see, Pavlovich v Wade Assocs., 274 AD2d 382). Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.