■ ALI NIZAM et al., Plaintiffs, v PETER M. FRIOL, Doing Business as FRIOL SERVICES, Appellant, et al., Respondents. [741 NYS2d 805] —Appeal from an order of Supreme Court, Erie County (Howe, J.), entered June 28, 2001, which, inter alia, denied the motion of defendant Peter M. Friol, doing business as Friol Services, for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Peter M. Friol, doing business as Friol Services, seeking summary judgment dismissing the cross claim for contribution and dismissing that cross claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by plaintiff Ali Nizam when he slipped and fell on snow and ice on prop-

erty owned by Tupper Group, Inc. and managed by 10 Ellicott Square Court Corporation (defendants). Supreme Court denied that part of the motion of defendant Peter M. Friol, doing business as Friol Services (Friol), the snowplowing contractor, seeking summary judgment dismissing defendants' cross claim for common-law indemnification, and granted the cross motion of defendants for leave to amend their answer to assert an additional cross claim against Friol for contractual indemnification. Although the court did not explicitly rule on that part of Friol's motion seeking summary judgment dismissing defendants' cross claim for contribution, the failure to rule is deemed a denial (see Brown v U.S. Vanadium Corp., 198 AD2d 863, 864).

The court properly denied that part of Friol's motion seeking summary judgment dismissing the cross claim for common-law indemnification (see Malcolm v Kapur, 278 AD2d 926, 926-927). Friol failed to establish as a matter of law that it fulfilled its duties under the contract (see Mitchell v Fiorini Landscape, 284 AD2d 313, 314-315; Cochrane v Warwick Assoc., 282 AD2d 567, 568; Malcolm, 278 AD2d at 926-927; Phillips v Young Men's Christian Assn., 215 AD2d 825, 827). The court also properly granted the cross motion of defendants for leave to amend their answer to assert an additional cross claim for contractual indemnification. " 'Leave to amend a pleading should be freely granted in the absence of prejudice to the non-moving party where the amendment is not patently lacking in merit' " (Nahrebeski v Molnar, 286 AD2d 891, 891-892, quoting Letterman v Reddington, 278 AD2d 868, 868; see CPLR 3025 [b]). Paragraph E of the indemnification provision gives rise to an obligation on the part of Friol to indemnify defendants under these circumstances. Given the language and structure of the indemnification provision, we reject Friol's contention that paragraph E is limited in scope by paragraph A.

The court erred, however, in denying that part of Friol's motion seeking summary judgment dismissing the cross claim for contribution. Defendants failed to establish that Friol owed them a duty of reasonable care independent of its contractual obligations or that Friol breached a duty of due care owed directly to plaintiffs (see Mitchell, 284 AD2d at 314; Malcolm, 278 AD2d at 927; Phillips, 215 AD2d at 827; see also Cochrane, 282 AD2d at 568). We therefore modify the order by granting that part of Friol's motion seeking summary judgment dismissing the cross claim for contribution and dismissing that cross claim. Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.