■ DONNA BRUNO et al., Respondents, v PRICE ENTERPRISES, INC., et al., Defendants, and PERISON BUILDING PRODUCTS, INC., Doing Business as EXTERIOR SOLUTIONS, Appellant. PRICE ENTERPRISES, INC., Third-Party Plaintiff, v NORBERT H. HAUSNER, Doing Business as N.H. ARCHITECTURE AND/OR N.H. INTERIORS, Third-Party Defendant-Respondent and Fourth-Party Plaintiff. JAMES E. CLEARY, INC., Fourth-Party Defendant-Respondent. [752 NYS2d 180] —Appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered March 26, 2002, which denied the motion of defendant and third-party defendant, Perison Building Products, Inc., doing business as Exterior Solutions, for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant and third-party defendant, Perison Building Products, Inc., doing business as Exterior Solutions, in part, dismissing the complaint against it; dismissing the third-party complaint of Price Enterprises, Inc. against it insofar as it asserts causes of action for breach of contract and contribution, and insofar as it seeks recovery on the cause of action for contractual indemnification up to the amount of the applicable insurance policy limits; and dismissing the cross claims of third-party and fourth-party defendants against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Donna Bruno (plaintiff) in January 1997 when she was struck by snow and ice that fell from the roof of a building leased by defendant Builders Square from defendant and third-party plaintiff, Price Enterprises, Inc. (Price). It is undisputed that in the spring of 1996 Price became aware that the gutters on the building were being damaged by snow and ice. Price's representative consulted with third-party defendant Norbert H. Hausner, doing business as N.H. Architecture and/or N.H. Interiors (Hausner), who is also a fourth-party plaintiff, before deciding to install a "Snobar" on the roof of the building. Price then entered into a contract with defendant and third-party defendant Perison Building Products, Inc., doing business as Exterior Solutions (Perison), for the installation of the Snobar on the roof of the front entrance to the building and the installation of a gutter system. In their complaint, plaintiffs alleged that Perison was negligent in "fail-

[ing] to fulfill [its] duties; failing to properly and effectively correct the problem for which [it was] hired; [and] failing to properly place and construct snow bars and other devices such that this incident would have been prevented." In their verified bill of particulars, plaintiffs further alleged that Perison was negligent in "failing to recommend and implement proper and adequate repairs."

Perison moved for summary judgment dismissing the complaint, Price's third-party complaint, and all other claims and cross claims against it. Hausner is the only party to oppose Perison's motion, both in Supreme Court and on appeal. The court erred in denying that part of the motion seeking summary judgment dismissing the complaint against Perison. In support of its motion, Perison established that it owed no duty to plaintiffs based on its contractual obligation to Price, the only basis for Perison's liability alleged by plaintiffs in their pleadings or by Hausner in opposition to the motion in Supreme Court (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139). Hausner contends for the first time on appeal that the conduct of Perison "creat[ed] or exacerbat[ed] a dangerous condition" such that it may be said to have "launched a force or instrument of harm" and thus may be held liable in tort to plaintiffs (*id.* at 142). That contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985; *cf. Kozak v Broadway Joe's*, 296 AD2d 683) and, in any event, lacks merit (*see Giustizia v Radazo*, 297 AD2d 331; *see generally Espinal*, 98 NY2d at 140).

The court further erred in denying that part of the motion of Perison seeking summary judgment dismissing Price's third-party complaint against it insofar as the third-party complaint asserts causes of action for breach of contract and contribution. The breach of contract cause of action alleges that Perison failed to name Price as an additional insured on the applicable insurance policy. Perison established, however, that the breach of contract cause of action should be dismissed as moot because in a separate declaratory judgment action the insurance company has since been ordered to defend and indemnify Price in this action. With respect to the contribution cause of action, Perison established that it owed no "duty of reasonable care [to Price] independent of its contractual obligations," and that it owed no independent duty to "plaintiff as an injured party" (*Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827; *see Cochrane v Warwick Assoc.*, 282 AD2d 567, 568; *Malcolm v Kapur*, 278 AD2d 926, 927).

Contrary to the contention of Perison, the court properly

denied that part of its motion seeking summary judgment dismissing in its entirety Price's cause of action for contractual indemnification in the third-party complaint against it. Perison failed to meet its initial burden of establishing as a matter of law that it fulfilled its contractual obligations (*see Malcolm,* 278 AD2d at 926-927). We agree with Perison, however, that Price's right to recovery under that cause of action is limited to an amount in excess of the applicable insurance policy limits, because indemnification is barred by the antisubrogation rule up to the amount of the applicable insurance policy limits (*see Kvandal v Westminster Presbyt. Socy. of Buffalo,* 238 AD2d 889, 889-890; *Pierce v Syracuse Univ.,* 236 AD2d 870, 871; *Hailey v New York State Elec. & Gas Corp.,* 214 AD2d 986, 987; *see generally Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 471-472).

Finally, the court erred in denying that part of the motion of Perison seeking summary judgment dismissing the cross claims of Hausner and fourth-party defendant, James F. Cleary, Inc. (Cleary), against it. Perison established that it owed no duty to Hausner, Cleary, or plaintiffs. We modify the order, therefore, by granting the motion of Perison in part, dismissing the complaint against it; dismissing Price's third-party complaint against it insofar as it asserts causes of action for breach of contract and contribution, and insofar as it seeks recovery on the cause of action for contractual indemnification up to the amount of the applicable insurance policy limits; and dismissing the cross claims of Hausner and Cleary against it. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.