*579 In an action to recover damages for personal injuries, etc., the defendant C.D.R. Electronics Security & Surveillance Systems Company appeals from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 19, 2002, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant B&R Telecommunications Systems, Inc., separately appeals from (1) so much of the same order as denied its separate cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court dated November 19, 2002, which denied its motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue its prior cross motion for summary judgment.
Ordered that the appeal from the order dated November 19, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated June 19, 2002, is reversed insofar as appealed from, on the law, the separate cross motions of the defendants B&R Telecommunications Systems, Inc., and C.D.R. Electronics Security & Surveillance Systems Company for summary judgment dismissing the complaint insofar as asserted against them are granted and the complaint is dismissed insofar as asserted against those defendants; and it is further,
Ordered that one bill of costs is awarded to the defendants C.D.R. Electronics Security & Surveillance Systems Company and B&R Telecommunications Systems, Inc.
The injured plaintiff, a nurse employed at the St. Luke’s Hospital outpatient dialysis center (hereinafter St. Luke’s), tripped and fell when her foot got caught on a wire or wires as she stood up and began to walk from the nurses’ work station desk. Thereafter, the plaintiffs commenced the instant action against, among others, C.D.R. Electronics Security & Surveillance Systems Company (hereinafter CDR) and B&R Telecommunications Systems, Inc. (hereinafter B&R), alleging that both companies failed to properly install and maintain the wiring located under the nurses’ work station desk. CDR and St. Luke’s were parties to a service and maintenance agreement with respect to a fire alarm system which was integrated with the call system located at the nurses’ work station area.
CDR and B&R separately cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The evidence presented established, inter alia, that the injured plaintiff could not identify the wire or wires that she allegedly *580 tripped upon, and that CDR and B&R neither installed nor maintained those wires. Further, the evidence established, inter alia, that St. Luke’s, through its engineering department, was responsible for maintaining the wires under the nurses’ work station. The Supreme Court denied both cross motions, finding that there were issues of fact as to whether both defendants negligently installed the wiring, and whether CDR, should have, in the exercise of reasonable care, discovered any dangerous condition, pursuant to its service and maintenance agreement.
To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries (see Gordon v Muchnick, 180 AD2d 715 [1992]). However, absent a duty of care, there is no breach and no liability (id. at 715).
CDR and B&R established their prima facie entitlement to summary judgment by demonstrating that they neither installed nor maintained the wires over the area where the injured plaintiff fell, and thus, owed no duty to the injured plaintiff. In addition, CDR also demonstrated its prima facie entitlement to summary judgment by establishing that the subject service and maintenance agreement was not a comprehensive maintenance obligation which displaced St. Luke’s duty to safely maintain the premises (see Cochrane v Warwick Assoc., 282 AD2d 567 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying the cross motions for summary judgment. Ritter, J.E, Goldstein, Townes and Cozier, JJ., concur.