■ DOROTHEA RICHTER, Plaintiff, v HUNTER'S RUN HOMEOWNERS ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Respondent. MIKE'S BLUE WHEEL SERVICE, INC., Third-Party Defendant-Appellant. [787 NYS2d 903]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 8, 2003, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying those branches of the motion which were to dismiss the second and third causes of action asserted in the third-party complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly sustained personal injuries when she slipped and fell on an ice-covered street on premises owned by the defendant third-party plaintiff, Hunter's Run Homeowners Association (hereinafter Hunter's Run). The plaintiff commenced an action against Hunter's Run and Hunter's Run commenced a third-party action against Mike's Blue Wheel Service (hereinafter Mike's), the contractor it hired to remove snow from the subject premises.

Although not expressly provided for in the contract, the right to indemnification may be implied by law to prevent an unfair result or the unjust enrichment of one party at the expense of the other (see Cochrane v Warwick Assoc., 282 AD2d 567 [2001]). If the plaintiff is successful against Hunter's Run on her cause of action to recover damages for negligent failure to maintain the street, Mike's may be required to indemnify Hunter's Run since there are questions of fact as to whether the accident resulted from its alleged failure to fulfill its obligations pursuant to the terms of the snow removal contract (see Cochrane v Warwick Assoc., supra).

Hunter's Run has failed, however, to raise a triable issue of fact in response to the prima facie case for summary judgment established by Mike's as to the two other causes of action in the third-party complaint.

The remaining contentions of Mike's are without merit. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.