■ FRED CAPESTANY et al., Appellants, v C&S PROPERTIES, INC., Defendant, and BEDROCK BLACKTOP CORP., Respondent. [793 NYS2d 492]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated November 10, 2003, as granted that branch of the motion of the defendant Bedrock Blacktop Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Bedrock Blacktop Corp. (hereinafter Bedrock) which was for summary judgment dismissing the complaint insofar as asserted against it. Bedrock "assumed no duty to exercise reasonable care to prevent foreseeable harm to the [injured] plaintiff by virtue of its contractual duty to remove snow from the subject premises" (*DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]; *see Pavlovich v Wade Assoc.*, 274 AD2d 382, 382-383 [2000]). The contract between Bedrock and the

owner of the parking lot where the accident allegedly occurred was not a comprehensive and exclusive contract intended to displace the owner's duty to safely maintain the property (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Pavlovich v Wade Assoc., supra* at 383). Furthermore, contrary to the plaintiffs' assertion, there is no evidence that Bedrock "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Espinal v Melville Snow Contrs., supra* at 141-142; *Pavlovich v Wade Assoc., supra; Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 826 [1995]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.