■ ANNA MARIE RAPONE et al., Respondents, v DI-GARA REALTY CORP. et al., Appellants-Respondents. (And a Third-Party Action.) [802 NYS2d 721]—

In an action to recover damages for personal injuries, etc., the defendants Di-Gara Realty Corp. and KGC Landscaping, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated July 20, 2004, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The injured plaintiff (hereinafter the plaintiff) allegedly slipped and fell on snow and ice on the steps outside property then owned by the defendant Di-Gara Realty Corp. (hereinafter Di-Gara). Di-Gara entered into an oral contract with the defendant KGC Landscaping, Inc. (hereinafter KGC), obligating KGC to provide snow and ice removal services for the subject property. The Supreme Court denied the defendants' respective motions for summary judgment. We affirm.

A property owner may not be held liable for a snow or ice condition unless it had actual or constructive notice of the allegedly dangerous condition and a reasonably sufficient time after the conclusion of the snowfall to remedy the situation (*see Pepito v City of New York*, 262 AD2d 619, 620 [1999]; *DeMasi v Radbro Realty*, 261 AD2d 354, 355 [1999]; *see also Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]; *Taylor v New York City Tr. Auth.*, 266 AD2d 384 [1999]). Di-Gara made a prima facie showing of its entitlement to judgment as a matter of law by submitting weather data indicating that 0.5 inches of snow fell throughout the day of the alleged accident (*see Smith v Leslie*, 270 AD2d 333, 334 [2000]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff's deposition testimony that the snowfall had ceased several hours before the

alleged accident, that the roads in the area had been sufficiently cleared, and that the sun was beginning to peek through the clouds was sufficient to raise a triable issue of fact as to whether the snowfall had ceased, giving Di-Gara a reasonably sufficient time to remedy the condition. Accordingly, the Supreme Court properly denied those branches of the motions which were for summary judgment dismissing the complaint.

The Supreme Court also properly denied that branch of KGC's motion which was for summary judgment dismissing Di-Gara's cross claims. The terms of the oral snow removal contract between KGC and Di-Gara are in dispute and it is unclear whether the contract was meant to be comprehensive and exclusive (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Capestany v C&S Props., Inc.*, 17 AD3d 502 [2005]). Moreover, even if it is determined that KGC "assumed no duty to exercise reasonable care to prevent foreseeable harm to the plaintiff by virtue of its contractual duty to remove snow from the subject premises" (*DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]), KGC may be required to indemnify Di-Gara if the plaintiff is successful in establishing that Di-Gara was negligent (*see Coyle v Long Is. Sav. Bank*, 248 AD2d 350, 351 [1998]).

Di-Gara's remaining contention is without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.