■ FRED WILLIAMS, Appellant, v KJAEL CORPORATION, Respondent, et al., Defendant. [837 NYS2d 205]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated January 23, 2005, which granted the motion of the defendant K. JAEL Corp., sued herein as KJAEL Corporation, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On the morning of January 7, 2003, the plaintiff allegedly slipped and fell on a patch of ice on a ramp leading from a building owned by the defendants to the abutting sidewalk. There was evidence in the record that it had either snowed or rained on the previous night and that it was "[e]xtremely cold" that morning.

After the plaintiff commenced the present action to recover damages for personal injuries, the defendant K. JAEL Corp., sued herein as KJAEL Corporation (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it neither created nor had actual or constructive notice of the alleged hazardous condition. The record showed that the defendant's employee had salted the stairs and ramp earlier in the morning. The proof also showed that after salting the stairs and ramp, but prior to the plaintiff's accident, the defendant's employee had traversed the area in question on two occasions without incident and he did not notice any additional snow or ice. Moreover, no one complained of the conditions on the stairs or ramp prior to the accident. At his deposition, a transcript of which was submitted

in support of the motion, the plaintiff acknowledged that he did not observe the condition which caused him to fall prior to, during, or subsequent to the accident and that he saw no snow or ice where he fell. Moreover, a videotape showed the accident area and while it revealed a small patch of ice near the ramp, there was no indication of such condition in the area where the plaintiff claims to have fallen.

A property owner may not be held liable for a snow and ice condition unless it created or had actual or constructive notice of the condition and a reasonably sufficient time after the conclusion of the snowfall to remedy the condition (*see Olivieri v GM Realty Co., LLC,* 37 AD3d 569 [2007]; *Rapone v Di-Gara Realty Corp.,* 22 AD3d 654, 655 [2005]). The defendant established, prima facie, that it did not create the icy condition and had neither actual nor constructive notice of it. The proof demonstrated that the defendant, as a property owner, acted in a reasonable manner to insure the safety of those entering and exiting the premises by treating the snow and ice with sand and salt. Absent proof that the snow and ice removal activities of the defendant created or exacerbated the slippery conditions, the defendant cannot be held liable (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Knee v Trump Vil. Constr. Corp.,* 15 AD3d 545, 546 [2005]; *Karalic v City of New York,* 307 AD2d 254, 255 [2003]; *Mahoney v Affrunti,* 297 AD2d 717 [2002]). In response, the plaintiff's proof consisted of conjecture and surmise and therefore was insufficient to raise a triable issue of fact as to whether the defendant created the condition or had actual or constructive notice thereof (*see Fahey v Serota,* 23 AD3d 335, 337 [2005]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.