*658 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 9, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff alleged that she sustained injuries on December 20, 2009, when she slipped and fell on snow and ice on a sidewalk adjacent to property owned by the defendant. The complaint further alleges that the plaintiff was “caused to slip and fall as a result of the uncleared and/or improperly cleared accumulated snow and ice on the sidewalk.” The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
Under the “storm in progress” rule, a property owner will not be held responsible for accidents caused by snow or ice that accumulates on its premises during a storm “until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm” (Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc., 97 AD3d 524, 524 [2012], quoting Marchese v Skenderi, 51 AD3d 642, 642 [2008]; see Smilowitz v GCA Serv. Group, Inc., 101 AD3d 1101, 1101-1102 [2012]; Weller v Paul, 91 AD3d 945, 947 [2012]; see also Olivieri v GM Realty Co., LLC, 37 AD3d 569 [2007]; Rapone v Di-Gara Realty Corp., 22 AD3d 654, 655 [2005]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by producing evidence that the plaintiff slipped and fell on snow and ice that was deposited by a storm, and that it had not had an adequate period of time after the cessation of the storm to allow it to ameliorate the hazardous condition (see Williams v KJAEL Corp., 40 AD3d 985, 986 [2007]; Coyne v Talleyrand Partners, L.P., 22 AD3d 627, 628 [2005]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Espinal v Melville Snow Contrs., 98 NY2d 136, 142-143 [2002]; Smilowitz v GCA Serv. Group, Inc., 101 AD3d at 1102; Coyne v Talleyrand Partners, L.P., 22 AD3d at 628; see also Quintanilla v State of New York, 94 AD3d 846 [2012]).
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint (see Espinal v Melville Snow Contrs., 98 NY2d at 138; Knee v Trump Vil. Constr. Corp., 15 AD3d 545, 546 [2005]; Karalic v City of New York, 307 AD2d 254, 255 [2003]).
*659 In light of our determination, we need not reach the defendant’s remaining contention.
Eng, EJ., Balkin, Sgroi and Cohen, JJ., concur.