■ FRANCIS L. DIMA, Appellant, v BRESLIN REALTY, INC., et al., Respondents. [658 NYS2d 115] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 9, 1996, which granted the separate motions of the defendants for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when she tripped on a piece of

plastic baling wire in the parking lot located on the north side of a shopping mall, and commenced this action against the owner of the mall, the defendant Sears Roebuck and Co., the tenant, the defendant Breslin Realty Co., and the company responsible for cleaning the area, the defendant Meadowbrook Parking. The defendants separately moved for summary judgment, and met the initial burden of showing that they lacked actual or constructive notice that a dangerous condition existed in the parking lot. Moreover, the plaintiff does not contend, and there is no evidence in the record, that any of the defendants created this condition.

In order to establish a prima facie case of negligence, the plaintiff had to demonstrate either that the defendants created the dangerous or defective condition which caused the accident, or that they had actual or constructive notice of the condition *(see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Pirillo v Longwood Assocs.,* 179 AD2d 744). We agree with the Supreme Court that the plaintiff failed to present sufficient proof to raise a question of fact concerning her contention that the defendants had actual or constructive notice of the condition which caused her fall. Contrary to the plaintiff's contention, the testimony of the mall security guard that he saw a piece of white nylon cord earlier in the day in the parking lot on a sidewalk on the south side of the mall was legally insufficient to constitute notice of the particular condition which caused the plaintiff's fall *(see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.