■ CHRISTOPHER BRUNO, Respondent, v TOWN OF HEMPSTEAD, Appellant. [670 NYS2d 864] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated March 3, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff, an experienced amateur and professional baseball and softball player, was injured while playing in a league softball tournament on property maintained by the defendant, when he stepped on an allegedly protruding in-ground sprinkler head about five inches in diameter, and fell. The plaintiff acknowledged that he played "a lot of ball, you know, baseball college, professional" and so was familiar with similar sprinkler heads on other playing fields.

After issue was joined, the defendant moved for summary judgment, contending, *inter alia*, that the plaintiff had assumed the risk of injury regarding the condition of the field. Its motion was denied. We reverse.

Generally, those who voluntarily participate in sports activities consent, by their participation, to injury-causing events which are reasonably foreseeable consequences of their participation (*see, Turcotte v Fell*, 68 NY2d 432, 437; *Pascucci v Town of Oyster Bay*, 186 AD2d 725). A voluntary participant also assumes the risks involved in the condition of the playing field (*see, Maddox v City of New York*, 66 NY2d 270, 277; *Pascucci v Town of Oyster Bay, supra*).

The record in this case established that in-ground sprinklers are commonly found on softball fields, and that the plaintiff was aware of such sprinklers on other fields (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650; *Colucci v Nansen Park*, 226 AD2d 336).

Insofar as the plaintiff contends that the protruding sprinkler enhanced the risk to him, there is absolutely no evidence in the record of notice to the defendant of the alleged defective condition (*see, Putnam v Stout*, 38 NY2d 607; *Dima v Breslin Realty*, 240 AD2d 359).

Accordingly, the defendant is entitled to summary judgment dismissing the complaint. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.