■ RAYMOND GIUSTIZIA et al., Respondents, v ALICE RADAZO, Respondent, and ANCHORAGE MARINE CORP., Appellant. [746 NYS2d 322]

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On July 9, 1994, the plaintiffs Raymond Giustizia and Robert Nethercott sustained personal injuries as a result of carbon monoxide poisoning while they were guests on board a fishing boat owned and operated by Louis A. Radazo. Along with Mary Giustizia, Raymond's wife, they asserted, inter alia, causes of action for negligence against Radazo and Anchorage Marine Corp. (hereinafter Anchorage), which, pursuant to a contract with Radazo, maintained and serviced the boat. Following a jury trial, the Supreme Court denied Anchorage's motion to set aside the verdict in favor of the plaintiff and against it, and entered a judgment dismissing the complaint and cross claim insofar as asserted against the defendant Radazo and finding the defendant Anchorage 100% liable for the plaintiffs' injuries.

The Court of Appeals has identified "three situations in which a party who enters into a contract to render services

may be said to have assumed a duty of care—and thus be potentially liable in tort to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launches a force or instrument of harm' * * * (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties * * * and (3) where the contracting party has entirely displaced the other party's duty to safely maintain the premises" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140, quoting *Moch v Rensselaer Water Co.*, 247 NY 160, 168).

The record establishes that none of these exceptions to the general rule that a contractual obligation, standing alone, will not give rise to tort liability in favor of third parties, are applicable here. The judgment therefore must be reversed insofar as appealed from, and the complaint dismissed insofar as asserted against Anchorage. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.