■ DELORES PERKINS, Respondent, v COSMOPOLITAN CARE CORPORATION et al., Appellants, et al., Defendants. [764 NYS2d

276] —In an action to recover damages for personal injuries, etc., the defendants Cosmopolitan Care Corporation and Gotham Building and Maintenance Corp., separately appeal from a judgment of the Supreme Court, Kings County (Barasch, J.), entered February 1, 2002, which upon, inter alia, a jury verdict awarding the plaintiff damages in the sums of $6,500,000 for past pain and suffering, $12,000,000 for future pain and suffering, $3,500,000 for future lost earnings, and $25,000,000 for future home attendant expenses, and upon an order of the same court dated March 28, 2001, denying in part the separate motions of the appellants, among other things, pursuant to CPLR 4404 (a) to set aside the verdict and dismiss the complaint, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with costs, those branches of the motions which were pursuant to CPLR 4404 (a) to set aside the verdict and dismiss the complaint are granted, the complaint is dismissed, and the order dated March 28, 2001, is modified accordingly.

This action was commenced in 1992 on behalf of Lamar Ridley (hereinafter the plaintiff) who allegedly sustained injuries as a result of ingesting lead paint. The lead paint was found to be present in the apartment in which he lived from the time of his birth on February 26, 1982. The building was owned by the City of New York through the Department of Housing Preservation and Development (hereinafter HPD). At the time of trial the defendants were Cosmopolitan Care Corporation (hereinafter Cosmopolitan) and Gotham Building and Maintenance Corp. (hereinafter Gotham) which, as providers of superintendent/janitorial services, allegedly breached their duty to the plaintiff to maintain the premises in a reasonably safe fashion. Two other defendants, HPD and Giannakis Painting and Construction Corp., settled with the plaintiff before trial.

Following a jury trial at which Cosmopolitan was found 50% at fault and Gotham was found 20% at fault (30% fault having been allocated to HPD), the Supreme Court, in part, denied the separate motions by Cosmopolitan and Gotham (hereinafter the defendants), inter alia, to set aside the verdict and dismiss the complaint, and judgment was entered accordingly.

As a general rule, a contracting party that breaches its contractual obligation does not owe a duty to noncontracting third parties (see Church v Callanan Indus., 99 NY2d 104 [2002]). The exceptions to this rule are: (1) where the contracting party undertakes to discharge its obligation and then negligently creates or exacerbates a dangerous condition (see

*Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167 [1928]); (2) "where the plaintiff detrimentally relies on the continued performance of the contracting party's duties * * * and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]).

Since the conduct here involves nonfeasance rather than misfeasance, to show the existence of a duty to the plaintiff on the part of the defendants, the plaintiff was required to show that the maintenance contract between HPD and Cosmopolitan constituted a comprehensive and exclusive set of obligations which the parties could have reasonably expected to displace the duty of HPD (*see Church v Callanan Indus., supra; Giustizia v Radazo,* 297 AD2d 331 [2002], *lv denied* 99 NY2d 508 [2003]; *Taylor v Gannett Co.,* 303 AD2d 397 [2003]). However, the only evidence presented shows that HPD received the complaints about the conditions in the apartment and that HPD regularly arranged for other workers to correct these conditions. Therefore, the defendants did not have a comprehensive agreement with HPD that displaced the responsibility of HPD to maintain a safe premises.

Accordingly, the general rule that a contractual obligation, standing alone, will not give rise to tort liability in favor of third parties applies here, since the record establishes that none of the exceptions exist (*see Giustizia v Radazo, supra*). Since a rational jury could not have found in favor of the plaintiff, the judgment must be reversed and the complaint dismissed.

In light of the foregoing, the parties' remaining contentions are academic. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.