SECOND DEPARTMENT, DECEMBER, 2003

(December 1, 2003)

■ BUENAVENTURA ABADIA, Appellant-Respondent, v MERIT OIL OF NEW YORK, INC., Respondent, and KANE PRODUCTS, INC., Respondent-Appellant. [767 NYS2d 817]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 17, 2002, as granted those branches of the defendants' motions which were for summary judgment dismissing the complaint, and the defendant Kane Products, Inc., separately appeals from stated portions of the same order.

Ordered that the appeal by the defendant Kane Products, Inc., is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly was injured on a rainy day when he slipped and fell on an oily substance located in front of the cashier's booth of a gas station owned and operated by the defendant Merit Oil of New York, Inc. (hereinafter Merit). Three years earlier, the defendant Kane Products, Inc. (hereinafter Kane), had been hired to clean and treat the canopy covering the front of the cashier's booth with a substance to prevent leaking. The plaintiff testified that the substance on which he slipped was a combination of water, which was leaking from the canopy, and oil.

In support of its motion for summary judgment dismissing the complaint, Merit established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created nor had notice of the combined oil and water condition that allegedly caused the plaintiff to slip and fall (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). In opposition, the expert's affidavit submitted by the plaintiff was insufficient to raise a triable issue of fact.

Further, although Kane's contract with Merit contained a 10-year warranty, Kane owed no duty to the plaintiff (see Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]; see also Perkins v Cosmopolitan Care Corp., 308 AD2d

437 [2003]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). Santucci, J.P., Adams, Crane and Cozier, JJ., concur.