■ ANNA TROISE et al., Respondents-Appellants, v NEW WATER STREET CORPORATION, Appellant-Respondent, and INTERNATIONAL SERVICES SYSTEMS, INC., Respondent. [782 NYS2d 853]—

In an action to recover damages for personal injuries, etc., the defendant New Water Street Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 27, 2003, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant International Services Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the cross motion is granted, and the complaint and cross claims are dismissed insofar as asserted against the defendant New Water Street Corporation; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants payable by the plaintiffs.

The Supreme Court should have granted the cross motion of the defendant New Water Street Corporation (hereinafter NWS) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. NWS established, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice thereof (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Anderson v Central Val. Realty Co.*, 300 AD2d 422 [2002]; *Dima v Breslin Realty*, 240 AD2d 359 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court properly granted that branch of the motion of the defendant International Services Systems, Inc. (hereinafter ISS), which was for summary judgment dismissing the complaint insofar as asserted against it. ISS established, prima facie, that it did not owe a duty to the injured plaintiff by virtue of its cleaning service contract with NWS (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990]). The contract between ISS and NWS was not a comprehensive and exclusive contract which displaced the duty of NWS as a landowner to maintain

the premises in a reasonably safe condition (*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Perkins v Cosmopolitan Care Corp.*, 308 AD2d 437 [2003]; *Boddie v New Plan Realty Trust*, 304 AD2d 693 [2003]; *Baratta v Home Depot USA*, 303 AD2d 434 [2003]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d 558 [2003]). Furthermore, contrary to the plaintiffs' assertion, there was no evidence that ISS "launched . . . an instrument of harm" and thus created or exacerbated a hazardous condition (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167-168 [1928]; *see Church v Callanan Indus.*, 99 NY2d 104, 112 [2002]; *Raynor-Brown v Garden City Plaza Assoc.*, 305 AD2d 572 [2003]; *Cochrane v Warwick Assoc.*, 282 AD2d 567 [2001]). Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.