YARIMITH SANCHEZ et al., Respondents, v CITY OF NEW YORK et al., Appellants. [808 NYS2d 422]—

In an action to recover damages for personal injuries, etc., the defendants Board of Education of the City of New York, Kenneth Hernandez, and Alex Ortiz appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated July 19, 2004, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant City of New York appeals from the same order.

Ordered that the appeal by the defendant City of New York is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Board of Education of City of the New York, Kenneth Hernandez, and Alex Ortiz is granted, and the complaint is dismissed insofar as asserted against those defendants; and it is further,

Ordered that one bill of costs is awarded to the defendants the Board of Education of the City of New York, Kenneth Hernandez, and Alex Ortiz.

The doctrine of assumption of the risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Taylor v Massapequa Intl. Little League, 261 AD2d 396, 397 [1999]). The assumption of risk doctrine also applies to any readily observable condition of the place where the activity is carried on (see Maddox v City of New York, 66 NY2d 270, 277 [1985]; Bruno v Town of Hempstead, 248 AD2d 576, 577 [1998]; Pascucci v Town of Oyster Bay, 186 AD2d 725, 726 [1992]; Diderou v Pinecrest Dunes, 34 AD2d 672, 673 [1970]).

Here, the defendants Board of Education of the City of New York, Kenneth Hernandez, and Alex Ortiz (hereinafter the

defendants) sustained their burden of demonstrating prima facie that the injured plaintiff assumed the risks inherent in playing baseball in the gymnasium where she sustained her injuries, including those risks associated with any readily observable defect or obstacle in the place where the sport was played (*see Ciocchi v Mercy Coll.*, 289 AD2d 362, 363 [2001]; *Torre v City of Glen Cove*, 259 AD2d 540, 540-541 [1999]; *Bruno v Town of Hempstead, supra; Walner v City of New York*, 243 AD2d 629 [1997]; *Gahan v Mineola Union Free School Dist.*, 241 AD2d 439, 440-441 [1997]; *Conway v Deer Park Union Free School Dist. No. 7*, 234 AD2d 332, 333 [1996]; *Bartucelli v New York City Bd. of Educ.*, 233 AD2d 352 [1996]; *Tiedemann v Notre Dame Academy*, 227 AD2d 545, 546 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff was subjected to a concealed or unreasonably increased risk. Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Adams, Luciano and Rivera, JJ., concur.