■ MOSHE ROSENBAUM et al., Respondents, v BAYIS NE'EMON, INC., Doing Business as CAMP ESTHER, Appellant, et al., Defendant. [820 NYS2d 326]—

In an action to recover damages for personal injuries, etc., the defendant Bayis Ne'Emon, Inc., doing business as Camp Esther appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated June 17, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Moshe Rosenbaum (hereinafter the plaintiff) was injured when his foot slipped into a hole while playing a game of badminton on premises owned by the defendant Bayis Ne'Emon, Inc., doing business as Camp Esther (hereinafter the appellant). The Supreme Court denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it based on the doctrine of assumption of risk. We affirm.

"Participants in sporting events may be held to have consented to injury-causing events which are the known, apparent, or reasonably foreseeable risks of their participation" (*Colucci v Nansen Park,* 226 AD2d 336 [1996]; *see also Turcotte v Fell,* 68 NY2d 432, 439 [1986]; *Manoly v City of New York,* 29 AD3d 649 [2006]). However, the doctrine of assumption of risk will not serve as a bar to liability if the risk is "unassumed, concealed, or unreasonably increased" (*Lapinski v Hunter Mtn. Ski Bowl,* 306 AD2d 320, 321 [2003]).

Here, the appellant failed to make a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The record indicates that at least a portion of the subject hole was concealed by an object which has been described by witnesses as being either a cesspool cover or a manhole cover and, as such, was not readily observable. Accordingly, it cannot be concluded as a matter of law that the plaintiff assumed the risk of the injury-causing event (*see Morgan v State of New York,* 90 NY2d 471 [1997]). Under these circumstances, we need not consider whether the plaintiffs' opposition to the motion was sufficient to raise a triable issue of fact (*see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.