■ SHANG SOOK MIN, Appellant, v ABM, INC., Respondent, et al., Defendant. [848 NYS2d 881]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated July 24, 2006, as granted that branch of the cross motion of the defendant ABM, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

While working at certain premises leased by her employer,

the plaintiff slipped in a puddle of water that had accumulated in a lobby area, and fell. The defendant ABM, Inc. (hereinafter ABM), which had entered into a service contract with the plaintiff's employer, provided janitorial services for the premises.

On its cross motion, ABM demonstrated its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). ABM showed that the contract that it entered into with the plaintiff's employer was not so comprehensive and exclusive that it entirely displaced the plaintiff's employer's duty to safely maintain its premises (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 589 [1994]; *Troise v New Water St. Corp.,* 11 AD3d 529, 530 [2004]). ABM also demonstrated that it did not create the condition complained of, and that the plaintiff did not detrimentally rely on the continued performance of its alleged contractual duties (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 140 [2002]; *Romeo v Ronald McDonald House,* 25 AD3d 681 [2006]). Since, in opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324), the Supreme Court correctly granted that branch of ABM's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.