SANDRA PARKER, Appellant, v 2001 MARCUS AVE., LLC, et al., Respondents. [877 NYS2d 123]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated August 20, 2007, as granted those branches of the motions of the defendants 2001 Marcus Ave., LLC, Bldg 1031, LLC, and Jeffrey Management Corp., SMC Realty, Ltd., and Somerset Investors Corp., doing business as Somerset Mortgage Bankers, and L.A.S. Construction & Services, Inc., and Temco Services Industries, Inc., respectively, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendants 2001 Marcus Ave., LLC, Bldg 1031, LLC, and Jeffrey Management Corp., which was for summary judgment dismissing the complaint insofar as asserted against them and that branch of the motion of the defendants SMC Realty, Ltd.,

Somerset Investors Corp., doing business as Somerset Mortgage Bankers, and L.A.S. Construction & Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against L.A.S. Construction & Services, Inc., and substituting therefor provisions denying those branches of the respective motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants SMC Realty, Ltd., Somerset Investors Corp., doing business as Somerset Mortgage Bankers, and Tempco Building Maintenance, Inc., appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she slipped and fell on a stone floor in the lobby of a building owed by the defendants 2001 Marcus Ave., LLC, and Bldg 1031, LLC (hereinafter collectively the owners). The accident occurred approximately one foot from an entrance mat that had been covered with an impermeable plastic protective sheeting. A coworker who assisted the plaintiff after her fall observed dirt and water on the protective sheeting, and water where the plaintiff fell. The plaintiff observed a puddle approximately seven by four inches where she fell. It had been snowing earlier in the morning. The plaintiff contends that the puddle was caused or exacerbated by the protective sheeting because it prevented the moisture being tracked into the building from being absorbed into the mat, and/or resulted in pooling and run-off. She commenced this action to recover damages for personal injuries against the owners; Jeffrey Management Corp. (hereinafter Jeffrey), the management company for the building; Tempco Building Maintenance, Inc. (hereinafter Tempco), the company hired to clean the building; L.A.S. Construction & Services, Inc. (hereinafter L.A.S.), a contractor doing work in the building and the party allegedly responsible for the presence of the protective sheeting; and SMC Realty, Ltd. (hereinafter SMC), and Somerset Investors Corp., doing business as Somerset Mortgage Bankers (hereinafter Somerset), tenants in the building that allegedly hired L.A.S. The defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them. The Supreme Court granted the defendants' respective motions.

The owners and Jeffrey failed to demonstrate a prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them with evidence that they neither created nor had actual or constructive notice of the alleged dangerous and defective condition of the lobby floor (*see Travlos v Coram Country Lanes, LLC,* 56 AD3d 661 [2008];

*Lessey v New York City Tr. Auth.*, 53 AD3d 569 [2008]). Thus, summary judgment dismissing the complaint insofar as asserted against them should have been denied regardless of the sufficiency of the opposing papers (*see Lessey v New York City Tr. Auth.*, 53 AD3d 569 [2008]).

L.A.S. demonstrated, prima facie, entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it with evidence that it was not responsible for the presence of the protective sheeting (*see Lafrancesca v Wal-Mart Stores, Inc.*, 23 AD3d 351 [2005]). However, in opposition, the plaintiff raised a triable issue of fact as to whether L.A.S was responsible for the sheeting. Thus, the Supreme Court should have denied that branch of the motion of SMC Realty, Ltd., Somerset Investors Corp., doing business as Somerset Mortgage Bankers, and L.A.S. which was for summary judgment dismissing the complaint insofar as asserted against L.A.S.

Tempco demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it with evidence that its contract for cleaning services did not give rise to tort liability in favor of the plaintiff (*see Shang Sook Min v ABM, Inc.*, 47 AD3d 699 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, Tempco was properly granted summary judgment dismissing the complaint insofar as asserted against it.

SMC and Somerset demonstrated a prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them with evidence that they could not be held vicariously liable for the alleged negligence of L.A.S., an independent contractor (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251 [2008]; *Kleeman v Rheingold*, 81 NY2d 270 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]; *Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, SMC and Somerset were properly granted summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.