■ DARIN GALLAGHER, Appellant, v COUNTY OF NASSAU et al., Defendants, and TOWN OF NORTH HEMPSTEAD et al., Respondents. [902 NYS2d 640]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered September 17, 2009, which granted the motion of the defendants Town of North Hempstead, Department of Parks and Recreation of the Town of North Hempstead, and Manorhaven Softball League for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Town of North Hempstead, Department of Parks and Recreation of the Town of North Hempstead, and Manorhaven Softball League for summary judgment dismissing the complaint insofar as asserted against them is denied.

Contrary to the plaintiff's contention, the motion of the defendants Town of North Hempstead, Department of Parks and Recreation of the Town of North Hempstead, and Manorhaven Softball League (hereinafter collectively the Town defendants) for summary judgment dismissing the complaint insofar as asserted against them was timely under CPLR 3212 (a) (*cf. Brill v City of New York*, 2 NY3d 648 [2004]). The Town defendants submitted ample evidence, including a date-stamped copy of the notice of motion and the affidavit of the legal intern who filed the motion papers, to demonstrate that they completed all of the requisite filing steps within the time limit set by the Supreme Court.

However, the Town defendants' motion should have been denied on the merits. The evidence revealed that the plaintiff was injured when he attempted to make a diving catch during a softball game and his hand struck a small, round cement object which he had not seen or encountered previously and which had been permanently installed in fair territory in the outfield, apparently to assist in drawing lines on the field when it was used for soccer. While participants in sporting events assume the known, apparent, and reasonably foreseeable risks of their participation (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]; *Morgan v State of New York*, 90 NY2d 471 [1997]), including those risks associated with the playing surface and those open and obvious conditions on it (*see Sykes v County of Erie*, 94 NY2d 912 [2000]; *Maddox v City of New York*, 66 NY2d 270 [1985]; *Brown v City of New York*, 69 AD3d 893 [2010]; *Cotty v Town of Southampton*, 64 AD3d 251 [2009]), they do not consent to risks which are concealed, unassumed, or unreasonably increased (*see Demelio v Playmakers, Inc.*, 63

AD3d 777 [2009]; *Fithian v Sag Harbor Union Free School Dist.,* 54 AD3d 719 [2008]; *Tuttle v TRC Enters., Inc.,* 38 AD3d 992 [2007]).

Here, the Town defendants failed to make a prima facie showing of their entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The evidence submitted in support of the motion, including the testimony of the plaintiff at a General Municipal Law § 50-h hearing and at his deposition, photographs of the subject condition, and the deposition testimony of a Town employee who maintained the softball field, demonstrated that the circular object was small, was raised only slightly above ground level, was surrounded by grass, and was difficult to see from more than a few feet away. Under these circumstances, a triable issue of fact exists as to whether the condition was not open and obvious but was concealed, and it cannot be said as a matter of law that the plaintiff assumed the risks associated with it (*see Rosenbaum v Bayis Ne'Emon, Inc.,* 32 AD3d 534 [2006]).

The remaining contention of the Town defendants is not properly before this Court. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.