■ JOHN BOCELLI et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [940 NYS2d 660]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered August 30, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff John Bocelli (hereinafter the plaintiff), and his wife, suing derivatively, commenced this action to recover damages arising from injuries allegedly sustained by the plaintiff while he was playing flag football in Stillwell Woods Park. At his deposition, the plaintiff testified that as he was running, he slipped and fell upon an exposed sprinkler head and sustained injuries to his left knee and leg. The defendants moved for sum-

mary judgment dismissing the complaint, asserting that the plaintiff had assumed the risk of injury by voluntarily participating in a flag football game. The Supreme Court granted the motion.

If an athlete is injured as a result of a defect in, or feature of, the field, court, track, or course upon which the sport is being played, the owner of the premises will be protected as long as the risk presented by the condition is inherent in the sport (*see Cotty v Town of Southampton*, 64 AD3d 251, 254 [2009]). "If the playing surface is as safe as it appears to be, and the condition in question is not concealed such that it unreasonably increases risk assumed by the players, the doctrine applies" (*id.*; *see Rosenbaum v Bayis Ne'Emon, Inc.*, 32 AD3d 534 [2006]). Here, the defendants failed to provide any evidence that the risk of injury from a sprinkler head was inherent in the game of flag football or that the sprinkler head was not concealed and did not unreasonably increase the risk associated with playing flag football. Notably, we have held that the assumption of risk doctrine was applicable where a softball player was injured on a sprinkler head (*see Bruno v Town of Hempstead*, 248 AD2d 576, 576 [1998]). However, in *Bruno*, the record included evidence that in-ground sprinklers were a common feature of the playing fields upon which the plaintiff played and that the plaintiff was aware of such sprinklers (*id.* at 576-577). In this case, by contrast, the defendants failed to submit any evidence as to how common sprinklers were on the fields of Stillwell Woods Park, or whether the plaintiff or other players were aware of the existence of such sprinklers and, thus, consented to the risk posed by them. Thus, under the circumstances of this case, the defendants did not establish their prima facie entitlement to judgment as a matter of law, and we need not consider whether the plaintiffs' opposition to the motion was sufficient to raise a triable issue of fact (*see Rosenbaum v Bayis Ne'Emon, Inc.*, 32 AD3d at 535; *see also Gallagher v County of Nassau*, 74 AD3d 877 [2010]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.