(August 28, 2013)

■ KENNETH BUNN, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [971 NYS2d 118]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered October 14, 2011, which granted

the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff was injured while playing basketball on a basketball court owned by the defendant Town of North Hempstead. He tripped on a crack in the court and caught his foot on a metal cap, which was part of a defunct sprinkler system. The plaintiff subsequently commenced this action, and the Town moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

By engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see Morgan v State of New York*, 90 NY2d 471, 484-486 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]). Participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of participation, but not to unassumed, concealed, or unreasonably increased risks (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Turcotte v Fell*, 68 NY2d at 439; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283 [1995]).

Here, the Town failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law by eliminating all triable issues of fact as to the applicability of the doctrine of primary assumption of the risk (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The evidence submitted in support of its motion, including the plaintiff's deposition testimony and photographs of the basketball court and metal cap, demonstrated that the metal cap was small, was raised only slightly above ground level, was painted the same color as the basketball court, and was difficult to see from more than a few feet away. Under these circumstances, a triable issue of fact exists as to whether the condition was concealed, and it cannot be said as a matter of law that the plaintiff assumed the risks associated with it (*see Gallagher v County of Nassau*, 74 AD3d 877, 879 [2010]; *Rosenbaum v Bayis Ne'Emon, Inc.*, 32 AD3d 534 [2006]). Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.