Morace v Commack N. Baseball Clubs, Inc. (2020 NY Slip Op 01611)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Morace v Commack N. Baseball Clubs, Inc.

2020 NY Slip Op 01611

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-10117
(Index No. 2772/14)

[*1]Dominic Morace, etc., et al., respondents,
vCommack North Baseball Clubs, Inc., et al., defendants, Commack Baseball, defendant-appellant, Town of Smithtown, defendant third-party plaintiff-appellant; Timothy Morrisey, etc., third-party defendant-appellant.

Gialleonardo, Frankini & Harms, Mineola, NY (Michele A. Musarra and Claude N. Grammatico of counsel), for defendant-appellant and third-party defendant-appellant (one brief filed).
Zollo Law, Smithtown, NY (Kevin J. Foreman of counsel), for defendant third-party plaintiff-appellant.
Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, and the defendant Commack Baseball and the third-party defendant separately appeal, from an amended order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 7, 2017. The amended order, insofar as appealed from by the defendant third-party plaintiff, denied its motion for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Commack Baseball and the third-party defendant, denied their motion for summary judgment dismissing the complaint insofar as asserted against the defendant Commack Baseball.
ORDERED that the amended order is affirmed, with one bill of costs to the respondents payable by the appellants appearing separately and filing separate briefs.
On August 20, 2013, the infant plaintiff was at baseball practice at Valmont Park in Smithtown. The infant plaintiff was with his team, the defendant Commack Baseball, and his coaches, the third-party defendant, Timothy Morrisey, and nonparty Alan Jacobs. According to the infant plaintiff, Morrisey hit a shallow fly ball to the infant plaintiff in centerfield. As the infant plaintiff raced in toward second base to catch the ball, he allegedly fell and sustained injuries after coming into contact with a hole at the location of a sprinkler head. The infant plaintiff, and his mother suing derivatively, thereafter commenced an action against, among others, the defendant Town of Smithtown. The Town subsequently commenced a third-party action against Morrisey. Around the same time as the commencement of the third-party action, the plaintiffs commenced a second action based on the same incident against the defendant Commack Baseball. Following the joinder of issue in said actions, the plaintiffs' motion to consolidate the actions was granted. After consolidation, the Town moved for summary judgment dismissing the complaint insofar as asserted against it. Commack Baseball and Morrisey (hereinafter together the Commack Baseball defendants) separately moved for summary judgment dismissing the complaint insofar as asserted [*2]against Commack Baseball. The Supreme Court, in an amended order dated August 7, 2017, denied the motions. These appeals ensued.
The Town and the Commack Baseball defendants, respectively, failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the plaintiffs were unable to identify the cause of the infant plaintiff's accident (see Jaklitsch v Kelly, 176 AD3d 792; Martino v Patmar Props., Inc., 123 AD3d 890, 891). Further, they respectively failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the infant plaintiff assumed the risk of his injuries (see Bocelli v County of Nassau, 93 AD3d 747).
Contrary to the assertions of the Town, which owned the ballpark where the subject accident occurred, it did not establish its prima facie entitlement to judgment as a matter of law on the ground that it lacked notice of the condition alleged, since the evidence it submitted in support of its motion failed to demonstrate that it lacked constructive notice thereof (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Lombardo v Kimco Cent. Islip Venture, LLC, 153 AD3d 1340, 1341).
Contrary to the assertions of the Commack Baseball defendants, they failed to demonstrate that Commack Baseball was free from any negligence by demonstrating, prima facie, that Commack Baseball provided adequate supervision of the infant plaintiff on the date of the subject accident or that a lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries (see generally Goldstein v Welter, 303 AD2d 551; Appell v Mandel, 296 AD2d 514).
Since the Town and the Commack Baseball defendants, respectively, failed to establish their prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court